## ESTATE OF LOUIS SELIGMAN.

No. 3347 — 1872.

ADMINISTRATOR CHARGEABLE WITH INTEREST IN CASE OF UNREASONABLE DELAY IN KEEPING ESTATE OPEN.—Where administrator, after having collected funds of the estate which can be distributed, delays, for no good reason, to file his account and close estate, he may be held chargeable with interest.

Construing section, C. C., 2237.

*J. Naphtaly,* for the adm'r.

*Bartlett & Pratt,* for the contestant.

By the COURT: The contestant claims that the administrator should be charged with interest on the moneys in his hands from July 12, 1871, to this day. The moneys, amounting to $12,625.86, were not on deposit at the death of decedent, but have been received from debts and on a draft. By law, the administrator had the right to keep the funds of the estate in his hands one year for the purposes of administration. Upon the close of the year it is the duty of the administrator to present his account and proceed at once to close the administration. Of course, heirs have the right to move to have the administration wound up; but independent of this right of the heirs, it is the duty of the administrator himself to take steps. It is not the policy of the law that an administrator should, for an indefinite period, retain money or other property. The period of one year is fixed by law, to the end that upon the expiration of that year the administration be closed. If money be retained longer than that period, it must be for some reason. In the absence of any other reason, the law will presume that it is for the benefit of him who keeps it. It is apparent that no man, practically, keeps money in his possession merely for the gratification of counting and re-counting it; it is for some benefit; and if for benefit to himself, he must pay for that benefit. It appears to me to be a healthy rule, that if an executor or administrator keeps money in his hands beyond the year, without cause, and without proceeding to wind up the estate, he should be charged with interest. In this estate, two months expired after the year before the account was filed,

during which time occurred the usual summer vacation, and by reason of the illness of the then Judge of this Court but little business was transacted. After the objections were filed the administrator was not at fault for the delay. I do not think that there has been such delay as should inflict a penalty upon the administrator.